IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MEGHAN BUDAY, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 1:20-cv-00034 |
| SPINEOLOGY, INC., | ) |
| Defendant. | ) |

**DEFENDANT SPINEOLOGY, INC.'S
ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Spineology, Inc. ("Spineology"), by its attorneys, Bowman and Brooke LLP answers Plaintiff's Complaint as follows:

**JURISDICTION AND VENUE**

1. In response to Paragraph 1, Spineology states that this paragraph calls for a legal conclusion and therefore no response is required.

2. In response to Paragraph 2, Spineology states that this paragraph calls for a legal conclusion and therefore no response is required.

**PARTIES**

3. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3.

4. In response to Paragraph 4, Spineology admits that it is a corporation organized under the laws of the State of Delaware and has a principal place of business in St. Paul, Minnesota. Spineology admits CT Corporation System may accept service on behalf of

Spineology and states that the service of process papers speak for themselves. As to any remaining allegations contained in Paragraph 4, Spineology states that they call for a legal conclusion and therefore no response is required.

## BACKGROUND

5. In response to Paragraph 5, Spineology admits it designs and manufactures certain medical devices.

6. In response to Paragraph 6, Spineology admits it manufactures the Elite Cage.

7. In response to Paragraph 7, Spineology states that this paragraph calls for a legal conclusion to which no response is required but asserts that it did not breach standard of care.

8. In response to Paragraph 8, Spineology is without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein.

9. In response to Paragraph 9, Spineology is without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein.

10. In response to Paragraph 10, Spineology is without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein.

11. In response to Paragraph 11, Spineology is without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein.

12. In response to Paragraph 12, Spineology is without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein.

13. In response to Paragraph 13, Spineology is without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein.

14. In response to Paragraph 14, Spineology is without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein.

15. In response to Paragraph 15, Spineology is without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein. To the extent the allegations contained within Paragraph 15 are intended to allege or imply any liability on behalf of Spineology, Spineology denies the same.

## COUNT I – STRICT LIABILITY

16. In response to Paragraph 16, Spineology refers to and incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

17. Spineology denies the allegations contained in Paragraph 17, including subparts (a) through (e).

18. Spineology denies the allegations contained in Paragraph 18.

19. Spineology denies the allegations contained in Paragraph 19.

WHEREFORE, Spineology denies that Plaintiff is entitled to a judgment against it and prays to be discharged from Plaintiff's lawsuit, together with its costs, fees, expenses, interests and for such other relief as the Court deems just and proper.

## COUNT II – BREACH OF WARRANTY

20. In response to Paragraph 20, Spineology refers to and incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

21. In response to Paragraph 21, Spineology states that this paragraph calls for a legal conclusion to which no response is required but asserts that it did not breach any warranty.

22. In response to Paragraph 22, Spineology states that the Elite Cage is only available to physicians who serve as "learned intermediaries." Spineology further denies any allegations contained in Paragraph 22.

23. In response to Paragraph 23, Spineology states that this paragraph calls for a legal conclusion to which no response is required but asserts that it did not breach any warranty.

24. In response to Paragraph 24, Spineology states that this paragraph calls for a legal conclusion to which no response is required but asserts that it did not breach any warranty.

25. Spineology denies the allegations contained in Paragraph 25.

26. Spineology denies the allegations contained in Paragraph 26.

WHEREFORE, Spineology denies that Plaintiff is entitled to a judgment against it and prays to be discharged from Plaintiff's lawsuit, together with its costs, fees, expenses, interests and for such other relief as the Court deems just and proper.

## COUNT III – NEGLIGENCE

27. In response to Paragraph 27, Spineology refers to and incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

28. In response to Paragraph 28, Spineology states that this paragraph calls for a legal conclusion to which no response is required but asserts that it did not breach standard of care.

29. Spineology denies the allegations contained in Paragraph 29, including subparts (a) through (e).

30. Spineology denies the allegations contained in Paragraph 30.

31. Spineology denies the allegations contained in Paragraph 31.

32. Spineology denies the allegations contained in Paragraph 32.

WHEREFORE, Spineology denies that Plaintiff is entitled to a judgment against it and prays to be discharged from Plaintiff's lawsuit, together with its costs, fees, expenses, interests and for such other relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

1. Spineology alleges that the Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2. Upon information and belief and subject to discovery, Spineology alleges Plaintiff's injuries or damages, if any, were caused or contributed to by the negligence, fault, or other wrongful acts or omissions of persons or entities other than Spineology over whom it has and had no control or right of control and for whom it is not responsible.

3. Spineology alleges that Plaintiff's injuries or damages, if any, were caused or contributed to by the independent and intervening or superseding acts, conduct, fault, negligence, breach of duty, and/or misconduct by persons or entities other than Spineology.

4. Spineology alleges that Plaintiff's injuries or damages, if any, were caused or contributed to by Plaintiff's own contributory negligence, fault, unanticipated, unintended or unforeseeable use, and/or assumption of the risk.

5. The subject Elite Cage was not defective or unreasonably dangerous in any manner, and the condition of the subject Elite Cage did not cause or contribute to Plaintiff's alleged injuries or damages, if any.

6. The subject Elite Cage was designed, manufactured and sold in accordance with the state-of-the-art and in compliance with and in conformance to administrative, industry,

5

regulatory or statutory codes, standards, specifications or schemes approved by the United States or Illinois, or agencies thereof, that were applicable to the Elite Cage at the time of its manufacture and sale.

7. Spineology alleges that at all relevant times, Spineology utilized the proper and accepted selling methods with respect to the product at issue herein.

8. Spineology alleges Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff has released, settled, entered into an accord and satisfaction, or otherwise compromised her respective claims.

9. Spineology alleges that one or more of the causes of actions contained in the Complaint are barred by the applicable statute of limitations.

10. Spineology alleges that Plaintiff failed to mitigate her damages.

11. Spineology alleges that Plaintiff's injuries and damages, if any, were the direct and proximate result of an idiosyncratic reaction that was not reasonably foreseeable by Spineology with respect to Plaintiff and that was not the result of conduct or negligence on the party of Spineology or any result of any defect in any product sold by Spineology.

12. Spineology alleges that the product that is the subject at issue was merchantable and reasonable suited to the use intended, and its condition when sold was not the proximate cause of any alleged injuries or damages.

13. Spineology alleges that any and all labeling, warnings, indications, or directions for use disseminated by Spineology with respect to the product at issue to the medical community were formulated in accordance with the Food and Drug Administration.

14. Spineology alleges that Plaintiff's claims are barred because the benefits of the product outweighed the risks, if any, that might be associated with the product.

15. The Elite Cage is intended for and used by a "learned intermediary" and as such, Spineology is not responsible under the law for the actual use to which its product was made by the learned intermediary.

## RESERVATION OF RIGHTS

Spineology reserves the right to amend its Answer to add additional affirmative defenses or other defenses as additional information becomes available.

## RELIANCE ON JURY DEMAND

Spineology hereby relies on Plaintiff's demand for a jury trial as stated in her Complaint.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant Spineology, Inc. prays for judgment dismissing the Complaint with prejudice and on the merits and awarding Spineology its costs and disbursements incurred therein.

Respectfully submitted,

**BOWMAN AND BROOKE LLP**

BY: /s/Matthew G. Berard
MATTHEW G. BERARD (ARDC# 6312341)
41000 Woodward Ave., Suite 200 East
Bloomfield Hills, MI 48304-3152
(248) 205-3348 ph / (248) 205-3399 fax
matthew.berard@bowmanandbrooke.com

and

        COREY T. HICKMAN (ARDC# 6317871)
        123 North Wacker Dr., Suite 1800
        Chicago, IL 60606
        (312) 474-4473 ph / (312) 878-2004
        chickman@cozen.com

        *Attorneys for Defendant Spineology, Inc.*

## CERTIFICATE OF SERVICE

I certify that on January 3, 2020, a true and correct copy of the foregoing was served by U.S. mail and e-mail, as well as filed using the Court's ECF system on the following counsel:

Raymond M. Rudnick (#59744)
Kelleher & Buckley, LLC
102 S. Wynstone Park Drive
North Barrington, IL 60010
rrudnick@kelleherbuckley.com

                                   **BOWMAN AND BROOKE LLP**

BY: /s/Matthew G. Berard
MATTHEW G. BERARD (ARDC# 6312341)
Attorneys for Defendant Spineology, Inc.
41000 Woodward Ave., Suite 200 East
Bloomfield Hills, MI 48304-3152
(248) 205-3348 ph / (248) 205-3399 fax
matthew.berard@bowmanandbrooke.com